**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO HERNANDEZ-CHAVEZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-73097<br><br>Agency No. A097-796-212<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2016
Pasadena, California

Before: M. SMITH and NGUYEN, Circuit Judges, and GORDON,[**] District
Judge.

Petitioner Jose Antonio Hernandez-Chavez challenges the Board of

Immigration Appeals' (BIA) decision to affirm the Immigration Judge's (IJ) denial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Andrew P. Gordon, District Judge for the U.S. District
Court for the District of Nevada, sitting by designation.

of a continuance, which led to a finding that Petitioner had missed the deadline to apply for relief and thereby waived his opportunity to do so. Petitioner also appeals the BIA's subsequent denial of his motion to remand. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny in part and grant in part the petition.

1.      Reviewing for abuse of discretion, *see Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013), we hold that the IJ appropriately denied the continuance, *see* 8 C.F.R. §1003.29, and deemed Petitioner's opportunity to file an application for relief waived in light of his failure to comply with deadlines for such relief, *see* 8 C.F.R. § 1003.31. The IJ had previously granted several continuances. Petitioner requested a final continuance in order to obtain eligibility for relief by marrying his U.S.-citizen partner and awaiting the results of a pending request to expunge a 2003 conviction. The IJ denied the continuance for lack of good cause, reasoning in part that the expungement was speculative. As Petitioner did not file for relief in the designated time, and as the IJ properly denied his request for a continuance, the IJ also acted within his discretion in deeming Petitioner's opportunity to apply for relief waived under 8 C.F.R. § 1003.31.

2.      Subsequent to the IJ's decision, Petitioner's disqualifying 2003 conviction was expunged. Hernandez-Chavez filed a motion to remand before the BIA so that he could apply for relief. Although he styled his motion as one to remand, "the

2

formal requirements of a motion to reopen and those of a motion to remand are for all practical purposes the same." *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987). The BIA shall not grant a motion to reopen unless the evidence presented is "material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). We review its decision for an abuse of discretion. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014).

In denying the motion, the BIA reasoned that remand would be futile because "[e]ven assuming that the respondent's expunged 2003 conviction may no longer bar the respondent from eligibility . . . the respondent appears ineligible for the requested forms of relief" because a 2004 conviction would independently render him ineligible. The BIA's conclusion that the changed circumstance regarding Petitioner's 2003 conviction was not material, and thus remand would be futile, was erroneous and an abuse of discretion because the BIA failed to conduct the required analysis.

*Taylor v. United States*, 495 U.S. 575 (1990), which was clarified by *Descamps v. United States,* 133 S.Ct. 2276, 2283 (2013), sets forth the analysis used to determine whether a state conviction counts as a qualifying conviction for the purposes of the immigration statutes. Under this case law, the BIA ought to have asked whether Petitioner's 2004 conviction, under California Business and

3

Professions Code § 4060, was a categorical match for the federal "controlled substance" offense, 21 U.S.C. § 802.

If § 4060 is not a categorical match for the federal offense, then the BIA should have examined whether the state statute was divisible. *See Rendon v. Holder*, 764 F.3d 1077, 1086 (9th Cir. 2014). When presented with an indivisible statute that presents no categorical match for the federal offense, a court shall "end [its] inquiry." *Almanza-Arenas v. Lynch*, 809 F.3d 515 (9th Cir. 2015) (en banc). Conversely, where a statute is divisible, we apply the modified categorical approach. *Descamps*, 133 S. Ct. at 2281. Because the BIA did not consider the divisibility of Section 4060 or the applicability of the modified categorical approach, it erred in holding Petitioner's 2004 conviction to constitute a bar to relief. Accordingly, we remand for the BIA to evaluate Petitioner's motion on an open record.[1] *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.").

As an initial matter, the government argues Petitioner cannot use a motion to reopen or remand to submit an application that was deemed waived under 8

---

[1] We note that at oral argument, Petitioner represented for the first time that his 2004 conviction has been expunged.

C.F.R. § 1003.31. This argument is unavailing, and the government cites no authority to the contrary. Petitioner satisfies the requirements of 8 C.F.R. § 1003.2(c)(1) in that the expunged conviction was material to his eligibility for relief and previously unavailable. This changed circumstance has rendered the basis of the agency's initial eligibility finding erroneous. *See also Kucana v. Holder*, 558 U.S. 233, 242 (2010) (motion to reopen serves as "an important safeguard . . . to ensure a proper and lawful disposition of immigration proceedings.") (quotations omitted).

The government further argues that other grounds would independently bar relief. Two of these arguments, concerning whether Petitioner has otherwise met his burden of proof and whether he is procedurally barred from relief due to failure to comply with 8 C.F.R. § 1003.2(c)(1), improperly ask us to decide the case on grounds not "relied upon" by the agency. *Andia*, 359 F.3d at 1184; *see Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc) ("When the BIA has ignored a procedural defect and elected to consider an issue on its substantive merits, we cannot then decline to consider the issue. . . ."). The final argument, administrative exhaustion, fails for a separate reason. In highlighting the 2004 conviction, the BIA *sua sponte* raised a new legal issue that had not been relied on by the IJ below. Waiver therefore does not apply. *See Abebe*, 432 F.3d at 1041.

5

**PETITION FOR REVIEW DENIED in part; GRANTED in part.**

The parties shall bear its own costs on appeal.