**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALFONSO ESTRADA-ROSALES, | No. 14-73856 |
| Petitioner, | Agency No. A201-174-729 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2016[**]

Before:   HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Luis Alfonso Estrada-Rosales, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying cancellation of removal, and determining that Estrada-Rosales abandoned his application for

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination. *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 850-51 (9th Cir. 2004). We review for abuse of discretion the decision to deem an application waived, and the denial of a motion to remand. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Estrada-Rosales failed to establish the requisite continuous physical presence for cancellation of removal, where he testified repeatedly that he departed the United States for a period of more than 90 days during the statutory period. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(2) (a departure in excess of 90 days breaks continuous physical presence).

The agency did not abuse its discretion in deeming Estrada-Rosales' remaining applications for relief abandoned, where he did not file the applications by the deadline the IJ imposed. *See Taggar*, 736 F.3d at 890 ("'[i]f an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived.'" (quoting 8 C.F.R. § 1003.31(c))). Estrada-Rosales' contention that the IJ

prevented him from filing for asylum and related relief is not supported by the record.

To the extent the BIA also treated Estrada-Rosales' appeal as a motion to remand, the BIA did not abuse its discretion in declining to remand where Estrada-Rosales failed to establish prima facie eligibility for asylum. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (prima facie eligibility is demonstrated by showing a reasonable likelihood that the statutory requirements for relief have been satisfied).

We lack jurisdiction to consider Estrada-Rosales' request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

In light of our disposition, we do not reach Estrada-Rosales' remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**