Richard Miyamoto, Attorney, Phung, Miyamoto & Diaz, LLP, Los Angeles, CA, for Petitioner

Janette L. Allen, Esquire, Trial Attorney, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Ricardo Mejia Soriano, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Mejia Soriano's motion to reopen as untimely where the motion was filed over eleven months after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Mejia Soriano failed to demonstrate material changed circumstances in El Salvador to qualify for a regulatory exception to the time limitations for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 991–92 (evidence must be "qualitatively different" to warrant reopening).

*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

We lack jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). We also lack jurisdiction to consider Mejia Soriano's contentions challenging the BIA's October 15, 2014, order because Mejia Soriano did not petition for review of that order. *See Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**Armando NOCELOTL, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 15-73784

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 20, 2016

Catalina Leff, Law Office of Catalina Leff, La Jolla, CA, for Petitioner

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Robbin Kinmonth Blaya, Esquire, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Armando Nocelotl, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance and review de novo constitutional claims. *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We review for abuse of discretion the decision to deem an application abandoned. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We deny the petition for review.

The agency did not abuse its discretion or violate due process in denying a continuance to seek post-conviction relief for failure to show good cause, where Nocelotl provided no evidence that he had begun to seek post-conviction relief. *See* 8 C.F.R. § 1003.29; *Sandoval–Luna*, 526 F.3d at 1247 (no abuse of discretion in denying a motion for a continuance where the relief sought was not immediately available to petitioner); *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on ... speculations."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail

** This disposition is not appropriate for publication and is not precedent except as provid-

on a due process challenge, an alien must show error and prejudice).

The agency did not abuse its discretion in determining that Nocelotl abandoned his application for relief, where he did not file the application with the immigration court by the deadline the IJ imposed. *See* 8 C.F.R. § 1003.31 (applications in removal proceedings must be filed with the immigration court, and if an application "is not filed within the time set by the [IJ], the opportunity to file that application ... shall be deemed waived"); *Taggar*, 736 F.3d at 889 (petitioner abandoned application where she did not file it by the IJ's deadline).

The record does not support Nocelotl's contention that there was ambiguity concerning the filing deadline or that the agency misstated evidence.

Contrary to Nocelotl's contention, the agency provided sufficient reasoning for its determinations. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

### PETITION FOR REVIEW DENIED.