NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL TORRES-HERNANDEZ, AKA Jose Alvarez, AKA Antonio Burgos-Roque, AKA Jabler Campa, AKA Gabriel Torres, AKA Gilbert Torres, AKA Gabriel Torres-Hdez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.   15-71148 <br><br> Agency No. A077-093-020 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016**

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Gabriel Torres-Hernandez, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's ("IJ") decision finding him removable. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We dismiss in part and deny in part the petition for review.

We do not consider new evidence Torres-Hernandez attached to and referenced in his opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record).

We lack jurisdiction to consider Torres-Hernandez's past persecution claim and his asserted fear of future harm from a specific cartel claimed for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues in administrative proceedings below).

Torres-Hernandez testified he did not fear harm or torture if he returned to Mexico. Consequently, the IJ did not consider his eligibility for asylum, withholding of removal, and CAT relief. In his brief to the BIA he asked to have his case remanded. The BIA did not abuse its discretion by not remanding Torres-Hernandez's asylum, withholding of removal, and CAT claims where he failed to establish prima facie eligibility for asylum. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (prima facie eligibility is demonstrated by showing a

2                                                                        15-71148

reasonable likelihood that the statutory requirements for relief have been satisfied).

Finally, on September 16, 2015, the court granted a stay of removal pending review. Thus, Torres-Hernandez's additional motion for a stay of removal pending review (Docket Entry No. 11), received on September 24, 2015, is denied as unnecessary.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**