**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EMMANUEL ADEBAYO,

Petitioner,

v.

JEFF B. SESSION, Attorney General,

Respondent.

No. 13-74059

Agency No. A089-659-977

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 15, 2016
San Francisco, California

Before: MELLOY,[**] CLIFTON, and WATFORD, Circuit Judges.

Emmanuel Adebayo, a native and citizen of Nigeria, petitions for review from

the denial by the Board of Immigration Appeals ("BIA") of his motion to remand for

adjustment of status. Adebayo argues that the BIA engaged in impermissible

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Michael J. Melloy, United States Circuit Judge for the
U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

factfinding in denying his motion.  We have jurisdiction under 8 U.S.C. § 1252, and deny his petition for review.[1]

"We review the Board's denial of motions to remand for abuse of discretion." *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013).  The BIA denied Adebayo's motion for remand, explaining that Adebayo's "past conduct in violating the terms of his visa and then filing an asylum application containing false information is not outweighed by his marriage, after he was ordered removed by an Immigration Judge, to a United States citizen."   Adebayo argues that the BIA abused its discretion by engaging in impermissible factfinding when it stated that his asylum application contained false information.  Adebayo contends that while the IJ noted numerous inconsistencies between Adebayo's asylum application, asylum interview, and testimony, the IJ did not explicitly say that Adebayo's asylum application contained false information.

To determine if the BIA's statement that Adebayo's application contained false information was factfinding, we must consider what factual findings the IJ made.  After discussing the inconsistencies throughout Adebayo's testimony, the IJ found

---

[1]On appeal, Adebayo also challenged the Immigration Judge's ("IJ") adverse credibility finding, arguing that it was not supported by substantial evidence.  At the outset of oral argument, Adebayo's attorney conceded that there was sufficient evidence to support the adverse credibility determination.

2

that "[a]ll of these inconsistencies, when taken together, can have a 'legitimate impact' on a credibility analysis." Looking at the specific inconsistencies regarding when Adebayo first heard of the Niger Delta Vigilante Movement ("NDVM"), the IJ noted, "[i]t does not make logical sense that Respondent first heard of the NDVM *after* he arrived in the United States, yet friends and family stipulated that he was a 'strong member' of that same organization." The IJ also noted that "[a]ll responses by Respondent fail to resolve the internal incongruence between when Respondent testified he first learned of the NDVM and the extent of his knowledge of the NDVM that went back to at least 2005." Further, discussing the inconsistencies regarding Adebayo's membership in the NDVM, the IJ noted that Adebayo "fail[ed] to resolve the discrepancy between Respondent's own documentation, submitted in support of his asylum claim, which confirms he was either a leader, or at a minimum a member of the NDVM, and his later testimony that he was never a member of the NDVM."

After noting these inconsistencies and determining that Adebayo was not credible, the IJ addressed whether Adebayo's asylum application was frivolous. The IJ explained, "[a]lthough the Court has found Respondent incredible, it does not necessarily follow that the same inconsistencies that undercut his testimony and declarations equate to a deliberately fabricated claim by Respondent. The Court does

3

not find sufficient evidence that a material element was deliberately fabricated, such that it renders Respondent's application barred as frivolous."

Adebayo claims the BIA engaged in factfinding in denying his motion to remand when it stated that Adebayo's application contained false information. Specifically, Adebayo contends the IJ found that Adebayo did not deliberately fabricate claims and that the inconsistencies supported an adverse credibility determination rather than explicitly finding that the application contained false information. Brief for Appellant at 27. Adebayo claims that "an adverse credibility finding does not automatically result in a finding that an applicant has falsified information in his application." Brief for Appellant at 28 (citing *Liu v. Holder*, 640 F.3d 918, 925–27 (9th Cir. 2011); *Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010)).

Adebayo misstates the holdings in *Liu* and *Khadka*. Those cases hold that an adverse credibility determination does not necessarily result in a finding that an application is frivolous. *Liu*, 640 F.3d at 927; *Khadka*, 618 F.3d at 1002. Importantly, a finding that an application is frivolous requires that the applicant deliberately fabricated a material element of his application. *Liu*, 640 F.3d at 927. Thus, a finding of frivolousness requires that the application contained false

information and that the applicant intended to include that false information. *Id.* An asylum application, however, can contain false information without being frivolous.

In this case, while the IJ did not explicitly state that Adebayo's application contained false statements, that conclusion underlies the IJ's reasons for making the adverse credibility determination, as seen in the passages quoted above. Additionally, while the IJ refused to find that Adebayo's application was frivolous, the IJ's reason for doing so was based on the IJ's finding that Adebayo lacked the intent necessary to support a frivolous finding. Thus, despite Adebayo's contention to the contrary, the BIA's finding that Adebayo's application contained false information is reconcilable with the IJ's finding that the application was not frivolous. As a result, the BIA did not engage in impermissible factfinding when it stated that Adebayo's application contained false information.

**PETITION FOR REVIEW DENIED.**