**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL ALFREDO LOPEZ ARGUETA, AKA Manuel Alfredo Argueta, AKA Manuel Lopez Argueta, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-73284 <br><br> Agency No. A094-832-508 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Manuel Alfredo Lopez Argueta, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") final order of removal.  Our jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the agency's decision to deem an application abandoned and the BIA's consideration of a motion to remand.  *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013).  We review for abuse of discretion the denial of a continuance and review de novo questions of law.  *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).  We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in deeming Lopez Argueta's application for adjustment of status abandoned without granting a further continuance, where he was granted three continuances over one year, but failed to submit the completed application and all supporting documents by the deadline set by the IJ.  *See Taggar*, 736 F.3d at 889 (the IJ has authority to set deadlines for an alien to submit applications for relief and supporting documents; applications not submitted by the time set by the IJ are deemed waived); *Ahmed*, 569 F.3d at 1012 (9th Cir. 2009) (good cause required for a continuance); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

The BIA did not abuse its discretion by not remanding based on documents attached to Lopez Argueta's appeal brief, where he did not request remand and his application had been abandoned.  *See Najmabadi v. Holder*, 597 F.3d 983, 991 (9th Cir. 2010) (remand to consider evidence is unnecessary where to do so would be

2                                                                                    15-73284

futile).

We lack jurisdiction to consider Lopez Argueta's unexhausted contentions regarding prejudice, the unlawfulness of the pretermission of his application for relief with regard to 8 C.F.R. § 1003.47(c), whether an I-601 waiver of inadmissibility was required, and violent conditions in El Salvador. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA"). In light of this, Lopez Argueta's request that the court take judicial notice of conditions in El Salvador is denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**