**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONEL PONCE BARRAZA, | No. 16-71575 |
| Petitioner, | Agency No. A205-405-858 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Leonel Ponce Barraza, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his request for a continuance. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a continuance and review de novo questions of law. *Ahmed v. Holder*,

569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion in denying Ponce Barraza's request

for an additional continuance for lack of good cause, where he had been given time

for preparation but did not file an asylum application prior to the IJ's deadline. *See*

8 C.F.R. §§ 1003.29, 1003.31(c); *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir.

2013) (applications not submitted by the deadline set by the IJ are deemed

waived); *Ahmed*, 569 F.3d at 1012 (listing factors to consider). The record does not

support Ponce Barraza's contention that the BIA erroneously required him to show

prima facie eligibility for asylum or submit an asylum application on appeal in

order to show good cause for a continuance.

Ponce Barraza's related due process claim fails for lack of prejudice. See

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial

prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

16-71575