**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOLVER ESTRADA-MENDOZA, AKA Yolber Mendoza Estrada,<br><br>   Petitioner,<br><br> v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>   Respondent. | No. 18-70563<br><br>Agency No. A087-749-566<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Yolver Estrada-Mendoza, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order (i) dismissing his

appeal from an immigration judge's ("IJ") decision denying cancellation of

removal, and (ii) denying his motion to remand. We have jurisdiction under 8

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for abuse of discretion the decision to deem an application abandoned and the denial of a motion to remand. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We deny the petition for review.

The agency did not abuse its discretion in deeming Estrada-Mendoza's application for cancellation of removal abandoned, where he did not file the application by the deadline imposed by the IJ. *See* 8 C.F.R. § 1003.31(c) ("If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived."); *Taggar*, 736 F.3d at 890. To the extent Estrada-Mendoza contends that ineffective assistance of counsel excuses his failure to timely file the application, he did not meet the threshold requirements for establishing ineffective assistance of counsel set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Reyes v. Ashcroft*, 358 F.3d 592, 598-99 (9th Cir. 2004) (upholding BIA's denial of a motion for failure to comply with the *Lozada* requirements).

The BIA did not abuse its discretion in denying Estrada-Mendoza's motion to remand, where he has not established prima facie eligibility for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (BIA may deny motion to reopen for failure to establish prima facie eligibility for relief).

**PETITION FOR REVIEW DENIED.**

2                                                                    18-70563