NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESGARDO DUARTE-FREJO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.  19-72173

Agency No. A206-673-205

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Esgardo Duarte-Frejo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion for a continuance.  We

have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

agency's denial of a continuance and decision to deem any applications waived for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

failure to adhere to an imposed deadline. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We review de novo due process claims. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004). We deny the petition for review.

The agency did not abuse its discretion or violate due process in denying Duarte-Frejo's motion for a continuance and deeming any applications for relief waived for failure to adhere to the stated filing deadline, where the IJ had previously notified Duarte-Frejo and his counsel of the filing deadline and the consequences of missing it; the IJ had advised Duarte-Frejo that he personally, rather than his attorney, would be responsible for meeting that deadline; Duarte-Frejo had previously requested and been granted four continuances over his nearly four years in proceedings and had had over six months since his previous hearing to prepare any applications for relief with his counsel; and Duarte-Frejo never specified to the agency or this court what form of relief he would have sought. *See Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008) (factors to consider when reviewing the denial of a continuance); *Taggar*, 736 F.3d at 889 (agency did not abuse discretion in deeming application waived for failing to adhere to deadline imposed by the IJ); *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

BIA did not err in requiring compliance with the procedural requirements of

*Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), where ineffective assistance of counsel was not plain on the face of the record. *See Al Ramahi v. Holder*, 725 F.3d 1133, 1138-39 (9th Cir. 2013) (in the absence of evidentiary support required by *Matter of Lozada*, the BIA could reasonably conclude that it lacked a basis from which to analyze whether former counsel's performance was deficient (citing *Tamang v. Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010)).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**