NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARMANDO ARRIAGA-CRUZ,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No. 19-70213

Agency No. A213-085-149

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2021**
Pasadena, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and CHRISTENSEN,***
District Judge.

Petitioner Armando Arriaga-Cruz ("Arriaga-Cruz"), a native and citizen of

Mexico, seeks review of a Board of Immigration Appeals ("BIA") order

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

dismissing Arriaga-Cruz's appeal from the Immigration Judge's ("IJ") decision ordering removal to Mexico. The IJ denied Arriaga-Cruz's cancellation of removal application for failure to properly file it by the deadline, and deemed as abandoned Arriaga-Cruz's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). This Court has jurisdiction under 8 U.S.C. § 1252 to review both the constitutional challenge and the BIA's order affirming the IJ's decision to deny the applications. We deny the petition in part and dismiss in part.

1. The BIA properly concluded that Arriaga-Cruz abandoned his applications for relief from removal by failing to file by the deadline set by the IJ. The IJ acted well within his discretion under 8 C.F.R. § 1003.31(c). *See Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (holding this Court reviews for abuse of discretion "an IJ's decision to deem applications waived for failing to adhere to deadlines imposed under 8 C.F.R. § 1003.31"). As of the master calendar hearing on July 10, 2018, Arriaga-Cruz had not filed proof of fee payment or an asylum application, which were due October 30, 2017, over seven months earlier. Because the IJ had broad discretion to set and extend time limits to file the applications, he properly deemed the applications waived when Arriaga-Cruz did not properly file them within the time set. 8 C.F.R. § 1003.31(c); *Taggar*, 736 F.3d at 889–90.

2. The IJ did not deny Arriaga-Cruz due process of law. Contrary to

2

Arriaga-Cruz's allegations, the proceedings were not "so fundamentally unfair"

that he "was prevented from reasonably presenting his case." *Colmenar v. INS*,

210 F.3d 967, 971 (9th Cir. 2000) (internal citation omitted). The administrative

record shows that the IJ afforded Arriaga-Cruz multiple opportunities to move

forward with his case, including granting continuances and providing Arriaga-Cruz

the opportunities to find new counsel, make a motion to reconsider, and file an

application fee waiver request.[1]

Here, the record lacks evidence of any prejudice or bias from the IJ. Instead,

it demonstrates that the IJ acted as a neutral factfinder and not a "partisan

adjudicator seeking to intimidate [Arriaga-Cruz] and his counsel." *Colmenar*, 210

F.3d at 971; *see Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007);

*Reyes-Melendez v. INS*, 342 F.3d 1001, 1007 (9th Cir. 2003).

**3.**     We lack jurisdiction to consider the merits of Arriaga-Cruz's

arguments pertaining to eligibility for relief. He made no timely application for the

relief he now seeks. Therefore, the applications for cancellation of removal,

asylum, withholding of removal, and CAT protection were not properly before the

---

[1]     Arriaga-Cruz filed no motion to reconsider. Also, as Respondent points out in his brief, Arriaga-Cruz did not make a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *Puga v. Chertoff*, 488 F.3d 812, 815–16 (9th Cir. 2007); *see also Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995) (holding a petitioner must first make a motion to reopen with the BIA to raise a claim of ineffective assistance of counsel). Thus, we lack jurisdiction to consider any unexhausted claim. 8 U.S.C. § 1252(d)(1); *see Barron v. Ashcroft*, 358 F.3d 675, 678 (9th Cir. 2004).

3

IJ or BIA. The only arguments properly raised before the BIA were whether the IJ abused his discretion in deeming the applications for relief abandoned and whether the IJ violated Arriaga-Cruz's constitutional rights. Arriaga-Cruz failed to exhaust his administrative remedies with respect to *eligibility* for any relief from removal, which precludes our review. 8 U.S.C. § 1252(d)(1); *see Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019); *Barron*, 358 F.3d at 678.

**PETITION FOR REVIEW DENIED IN PART and DISMISSED IN PART.**