**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL A. SOLANO, | No. 20-70564 |
| Petitioner, | Agency No. A094-449-166 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Saul A. Solano, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision finding Solano to be competent to

participate in his removal proceedings and denying his application for asylum,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to remand, *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013), whether the BIA clearly departed from its own standards, *Salgado v. Sessions*, 889 F.3d 982, 987 (9th Cir. 2018). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

The BIA did not abuse its discretion in denying Solano's motion to remand where there was no abuse of discretion in the agency's competency determination. *See Salgado v. Sessions*, 889 F.3d 982, 987 (9th Cir. 2018) ("The test for determining whether an alien is competent to participate in immigration proceedings is whether he or she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney . . . , and has a reasonable opportunity to examine and present evidence and cross-examine witnesses.") (citing *Matter of M-A-M-*, 25 I.&N. Dec. 474, 474 (BIA 2011)); *see also Tadevosyan v. Holder*, 743 F.3d 1250, 1252 (9th Cir. 2014) ("The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law . . . ." (internal quotation marks and citations omitted)). Solano's contention that the IJ's competency determination violated his right to due process fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a

due process claim).

To the extent Solano argues that the IJ did not inform him of all the relief or protection for which he was eligible, we reject the argument as unsupported by the record.

In his opening brief, Solano does not raise, and therefore waives, any challenge to the BIA's determination that he waived challenge to the IJ's denial of his asylum application as untimely and denial of his withholding of removal and CAT claims for failure to meet his burdens of proof. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**