NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRAIYAN ADRIAN VEJAR
RODRIGUEZ,

            Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No.    19-71714

Agency No. A205-191-194

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Braiyan Adrian Vejar Rodriguez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to remand and dismissing his appeal from an immigration judge's decision

denying his applications for asylum, withholding of removal, relief under the

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to remand. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We deny the petition for review.

In his opening brief, Vejar Rodriguez does not raise, and therefore waives, any challenge to the denial of his claims for asylum, withholding of removal, CAT relief, and cancellation of removal. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

The BIA did not abuse its discretion in denying Vejar Rodriguez's motion to remand to reassess his eligibility for cancellation of removal on the ground that the new evidence submitted was not likely to change the outcome. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (providing that a motion to reopen will not be granted absent a showing of prima facie eligibility for relief based on demonstrating a reasonable likelihood that the statutory requirements have been satisfied); *see also Fernandez v. Gonzales*, 439 F.3d 592, 602-03 (9th Cir. 2006) (court has jurisdiction to review the motion to reopen where "the evidence submitted addresses a hardship ground so distinct from that considered previously as to make the motion to reopen a request for new relief").

We reject as unsupported by the record Vejar Rodriguez's contention that

the BIA engaged in impermissible factfinding or otherwise erred in its analysis of his motion to remand.

The stay of removal remains in effect until the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**