**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS CANCHOLA-JUAREZ,

No.    19-72717

Petitioner,

Agency No. A206-784-664

v.

MERRICK B. GARLAND, Attorney
General,

MEMORANDUM[*]

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022[**]

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Carlos Canchola-Juarez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying a motion to remand

and dismissing his appeal from an immigration judge's decision denying his

application for cancellation of removal.  Our jurisdiction is governed by 8 U.S.C.

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the BIA's denial of a motion to remand. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Canchola-Juarez's challenges to the BIA's denial of cancellation of removal where the IJ denied relief as a matter of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 854 (9th Cir. 2006) (the court lacks jurisdiction to review the agency's discretionary good moral character determination). Although the court retains jurisdiction over questions of law and constitutional claims, Canchola-Juarez's contentions do not amount to colorable claims that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Lopez-Castellanos*, 437 F.3d at 854.[1] Canchola-Juarez waived his challenge to the agency's consideration of evidence before the ten-year period for good moral character because he raised it for the first time in his reply brief. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (petitioner waived a claim first challenged in the reply brief).

The BIA did not abuse its discretion in denying Canchola-Juarez's motion to remand for failure to show how the newly submitted evidence would have changed the result in the case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008)

---

[1] Canchola-Juarez's reliance on *Guerrero-Lasprilla v. Barr*, —— U.S. ——, 140 S. Ct. 1062 (2020), is misplaced. *See Ramadan v. Gonzales*, 479 F.3d 646, 650, 656 (9th Cir. 2007).

19-72717

(applicants "who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case" (internal citation omitted)).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**