**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

PRITAM KAUR TAGGAR,
AKA Jaspreet Kaur Dhillon,
*Petitioner*,

v.

ERIC H. HOLDER, JR., Attorney
General,
*Respondent*.

No. 09-71529

Agency No.
A045-253-632

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
October 10, 2013—San Francisco, California

Filed December 2, 2013

Before: J. Clifford Wallace, Milan D. Smith, Jr.,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Wallace

## SUMMARY[*]

### Immigration

The panel denied Pritam Taggar's petition for review of the Board of Immigration Appeals' decision finding that she waived and abandoned her applications for relief, and that she was ineligible for a waiver of removability or inadmissibility.

The panel held that the standard of review applicable to an Immigration Judge's decision deeming an application waived for failure to adhere to deadlines under 8 C.F.R. § 1003.31 is abuse of discretion. The panel held that a deadline may lawfully be imposed upon an application for relief under the Convention Against Torture, and that in this case neither the IJ nor the Board abused discretion in holding that Taggar waived her applications. The panel also held that Taggar is not an inadmissible alien eligible for a waiver under 8 U.S.C. § 1227(a)(1)(H), because her charge of removability is not waivable by that section, and because she was being deported based on her conviction for falsifying documents, not because she was inadmissible at entry.

### COUNSEL

Maleeha Haq (argued), Fremont, California; Christopher J. Stender, Immigration Practice Group, P.C., San Francisco, California, for Petitioner.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Kiley L. Kane (argued), Trial Attorney; Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

**OPINION**

WALLACE, Circuit Judge:

Pritam Taggar seeks review of a final order of removal issued by the Board of Immigration Appeals (Board). The immigration judge (IJ) ordered Taggar removed from the United States. Taggar appealed from that judgment to the Board, and moved to remand the case. The Board dismissed the appeal and denied the motion to remand. Taggar filed a timely petition for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

I.

On October 28, 2004, the government served Taggar with a notice to appear and charged her as removable from the United States under 8 U.S.C. § 1227(a)(1)(A), because she was inadmissible at the time of her entry into the United States. Her immigration proceedings were administratively closed on June 29, 2005, pending resolution of criminal proceedings against her. On May 23, 2006, Taggar was convicted of conspiracy to defraud the United States through visa fraud. The immigration proceedings recommenced, with the government providing additional factual allegations and two additional charges of removability, under 8 U.S.C. § 1227(a)(1)(G)(ii), for procuring a visa by fraud, and

8 U.S.C. § 1227(a)(3)(B)(iii), for her criminal conviction for conspiracy to commit visa-related fraud.

In a January 24, 2007 proceeding before the IJ, Taggar's attorney conceded that she was removable as charged by the government. The attorney stated "[t]he sole, the applications [sic] that she will be pursuing are applications pursuant to 241(b)(3)(B), as well as Convention Against Torture." The IJ set the filing deadline for any such applications for April 24, 2007, as requested by Taggar's attorney. Her attorney requested and received three extensions to file the applications for relief. But Taggar did not file any application by the due date. The government moved to pretermit Taggar's applications because of the failure to file timely. Taggar did not respond or file an application for relief under the Convention Against Torture, but instead filed a new ground of relief, requesting a waiver of inadmissibility under 8 U.S.C. § 1227(a)(1)(H). The government renewed its motion to pretermit, arguing that filing was late and that Taggar was ineligible for the waiver.

On June 27, 2007, the IJ ruled that Taggar was removable, and that she had abandoned her applications for relief and waiver by the failure to file timely. The IJ ordered Taggar removed to India. Taggar filed a motion to reconsider, which was denied.

Taggar appealed from the removal order to the Board, and moved before the Board to remand for a hearing on her waiver application. The Board dismissed her appeal and denied the motion to remand. The Board held that the IJ had properly deemed Taggar's applications abandoned and waived. Further, the Board held that Taggar was not eligible

for the waiver of removability that she sought. Taggar seeks review of the Board's decision.

## II.

We have not articulated the standard of review applicable to an IJ's decision to deem applications waived for failing to adhere to deadlines imposed under 8 C.F.R. § 1003.31, which allows the IJ to "set and extend time limits for the filing of applications and related documents and responses thereto, if any," and provides that "[i]f an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived." We hold the standard is abuse of discretion. First, that is the legal standard for reviewing whether an IJ should have granted a motion for continuance. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007). Second, it is also the standard for reviewing a district court's dismissal of an action for failure to file timely in compliance with its orders. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Third, abuse of discretion is the standard a number of our sister circuits use to review decisions that an immigration application was abandoned as untimely. *Dedji v. Mukasey*, 525 F.3d 187, 191–92 (2d Cir. 2008); *Kueviakoe v. U.S. Att'y Gen.*, 567 F.3d 1301, 1306 n.3 (11th Cir. 2009); *Arellano-Hernandez v. Holder*, 564 F.3d 906, 911 (8th Cir. 2009); *Moreta v. Holder*, 723 F.3d 31, 33–34 (1st Cir. 2013); *cf. Hassan v. Gonzales*, 403 F.3d 429, 436 (6th Cir. 2005).

We review the Board's denial of motions to remand for abuse of discretion. *Vargas-Hernandez*, 497 F.3d at 923.

III.

Neither the IJ nor the Board abused their discretion in holding that Taggar had waived her application for relief and protection. Taggar did not file her application for relief by May 25, 2007, which was the extended due date for her applications set by the IJ.

Taggar now argues that the IJ abused its discretion because the May 25 deadline applied only to Taggar's application for withholding of removal, not an application under the Convention Against Torture. This is incorrect. Taggar's attorney told the IJ that "[t]he sole, the applications that she will be pursuing are applications pursuant to 241(b)(3)(B), as well as Convention against Torture." The IJ set the deadline for the "applications" as April 24, 2007.[1] Taggar's attorney did not mention any other applications or motions.

Taggar wrongly argues that the deadline governed only "withholding," which refers to relief under the Immigration and Nationality Act. Her attorney specifically mentioned that the Convention Against Torture claim would be governed by the same deadline, and protection under the Convention Against Torture is also referred to as "withholding of removal." 8 C.F.R. § 1208.16 (entitled "Withholding of removal under section 241(b)(3)(B) of the Act and withholding of removal under the Convention Against Torture"). Indeed, when Taggar's attorney requested continuances from the deadline, he requested a "72-Hour Enlargement of Time to File *Applications* for Relief" (emphasis added), not solely for a single application under the

---

[1] The immigration judge erroneously wrote the date was April 24, 2006.

Immigration and Nationality Act.  Neither the IJ nor the Board abused their discretion in concluding that Taggar had failed to file her applications within the deadlines set by the immigration judge.  Her application for a waiver of inadmissibility was also filed after May 25, 2007, so the IJ did not abuse its discretion in holding she abandoned that application.

Taggar separately argues that no deadline can lawfully be imposed on applications for relief under the Convention Against Torture.  This is incorrect.  *See* 8 C.F.R. § 1208.16 (an alien must file an "application" under the Convention); 8 C.F.R. § 1003.31(c) ("[i]f an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived").

IV.

The Board concluded that Taggar abandoned her application for a waiver of inadmissibility.  The Board additionally held that Taggar was ineligible for such a waiver. Those rulings were not erroneous.

Some inadmissible aliens are eligible for waivers of their removal by the Attorney General, who has discretion to waive the removal "of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in section 1182(a)(6)(C)(i)."  8 U.S.C. § 1227(a)(1)(H).  An alien is inadmissible under section 1182(a)(6)(C)(i), and thus eligible for the waiver, if she attempts to procure a visa or other legal documentation by fraud or willfully misrepresenting a material fact.  *Id.* § 1182(a)(6)(C)(i).  The waiver extends to aliens who are

inadmissible on such a ground if they meet a number of other conditions. The waiver "shall also operate to waive removal based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation." *Id.* § 1227(a)(1)(H)(hanging paragraph).

Taggar is not an inadmissible alien eligible for the waiver. In its supplemental filing, the government charged her as removable under 8 U.S.C. § 1227(a)(3)(B)(iii) (making aliens convicted of certain crimes deportable), based on her criminal conviction. As our sister circuit has held, that charge, under a different paragraph of section 1227(a), is not waivable by section 1227(a)(1)(H). *Gourche v. Holder*, 663 F.3d 882, 886–87 (7th Cir. 2011) ("it is clear that the phrase 'this paragraph' in subparagraph (H)'s waiver provision refers only to paragraph (1) of subsection (a)" not "grounds for removal under paragraph (3) of 8 U.S.C. § 1227(a)"); *see also Vasquez v. Holder*, 602 F.3d 1003, 1011–12 (9th Cir. 2010) ("First, § [1227(a)(1)(H)] provides that 'the *provisions* of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in the fraud provision may be waived.' 'This paragraph' refers to § [1227(a)(1)]") (emphasis in original, alterations omitted). Moreover, Taggar was not deportable under § 1227(a)(1), the subparagraph that sets out grounds for inadmissibility. Rather, Taggar was determined to be deportable under § 1227(a)(3)(B)(iii), which provides for deportability based on a conviction under 15 U.S.C. § 1546 for failure to register and falsification of documents. Taggar is thus being deported because she was convicted of falsifying documents, and not because she was inadmissible at entry. Accordingly, § 1227(a)(1)(H)'s hanging paragraph is not applicable to her case, as it only allows the Attorney General to waive grounds of

inadmissibility which are a direct result of acts of fraud and misrepresentation specified in 8 U.S.C. § 1182(a)(5)(A) and (7)(A). *See* § 1227(a)(1)(H)(i)(II). One of Taggar's grounds for removability cannot be waived by the discretionary decision of the Attorney General. Therefore, the Board did not err in determining that Taggar was ineligible for a waiver of inadmissibility.

**Petition DENIED.**