**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER OMAR ROMERO, | No. 13-71746 |
| Petitioner, | Agency No. A077-428-686 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Alexander Omar Romero, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision finding Romero abandoned his

application for relief and denying a continuance. We have jurisdiction under 8

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for abuse of discretion both the denial of a motion to continue and the decision to deem an application waived. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We review de novo claims of due process violations in immigration proceedings. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in finding that Romero abandoned his application for relief when he did not file it by the deadline the IJ imposed. *See* 8 C.F.R. § 1003.31(c) (an IJ "may set and extend time limits for the filing of applications" and if an application "is not filed within the time set by the [IJ], the opportunity to file that application . . . shall be deemed waived"); *Taggar*, 736 F.3d at 889 (petitioner waived application where she did not file it by the due date the IJ set). The BIA also did not abuse its discretion in upholding the IJ's denial of Romero's motion for a continuance where he had already been given multiple continuances and did not show good cause for another continuance. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007).

Finally, we deny Romero's due process claims, including his contentions regarding the IJ's conduct. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process challenge to proceedings).

**PETITION FOR REVIEW DENIED.**