**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROSENDO A. VILLATORO-ALVAREZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-71209

Agency No. A095-065-299

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 21, 2015[**]

Before:    REINHARDT, LEAVY, and BERZON, Circuit Judges.

Rosendo A. Villatoro-Alvarez, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision finding Villatoro-Alvarez abandoned his

applications for relief and denying a continuance. We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We review for abuse of discretion the denial of a continuance and the decision to deem an application abandoned.  *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013).  We review de novo due process claims.  *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008).  We deny the petition for review.

The agency did not abuse its discretion in denying Villatoro-Alvarez's request for a fifth continuance where he failed to demonstrate good cause.  *See* 8 C.F.R. § 1003.29; *Sandoval-Luna*, 526 F.3d at 1247.  Nor did the agency err in deeming Villatoro-Alvarez's applications for relief abandoned, where he did not file any application for relief by the deadline the IJ imposed.  *Taggar*, 736 F.3d at 890 ("If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived." (quoting 8 C.F.R. § 1003.31(c))).  Villatoro-Alvarez's claim that the denial of an additional continuance violated due process therefore fails.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, alien must show error and prejudice).

We reject Villatoro-Alvarez's contention that the agency's decision was insufficient, where the BIA invoked the applicable "good cause" legal standard and cited pertinent legal authorities.  *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that "the IJ applied the correct legal standard" in a

case where "the IJ expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

**PETITION FOR REVIEW DENIED.**