**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE GUTIERREZ-BARRAGAN,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-74396

Agency No. A098-098-732

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2016[**]

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Jose Gutierrez-Barragan, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision finding that Gutierrez-Barragan abandoned his application for cancellation of removal. We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the decision to deem an application abandoned. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We review de novo claims of due process violations in immigration proceedings. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion or violate due process in determining that Gutierrez-Barragan abandoned his application for relief, where he did not file the application with the immigration court by the deadline the IJ imposed. *See* 8 C.F.R. § 1003.31 (applications in removal proceedings must be filed with the immigration court, and if an application "is not filed within the time set by the [IJ], the opportunity to file that application . . . shall be deemed waived"); *Taggar*, 736 F.3d at 889 (petitioner abandoned application where she did not file it by the IJ's deadline); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process challenge).

Gutierrez-Barragan contends that 8 C.F.R. §§ 1003.31(c) and 1103.7 violate due process when an alien has already paid fees to the Department of Homeland Security. We do not reach these contentions, where the record does not support Gutierrez-Barragan's assertion that he paid such fees.

**PETITION FOR REVIEW DENIED.**

13-74396