**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAVIER VALENCIA GUTIERREZ; et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  19-70615 <br><br> Agency Nos.  A202-159-863 <br> A202-159-864 <br> A202-159-865 <br> A202-159-866 <br> A202-159-867 <br> A202-159-868 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020[**]

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Javier Valencia Gutierrez and his family, natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's ("IJ") decision deeming their applications for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT") abandoned.  We have jurisdiction under 8 U.S.C. § 1252.  We review an agency's decision to deem an application abandoned for abuse of discretion. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013).  We review de novo due process claims.  *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).  We deny the petition for review.

The agency did not abuse its discretion by deeming petitioners' applications for relief abandoned where the IJ informed petitioners of the deadline for biometrics and warned that failure to comply would result in their applications being deemed abandoned, and petitioners did not show good cause for their failure to comply with the biometrics requirement.  *See* 8 C.F.R. § 1003.47(c)-(d) (failure to provide biometrics as instructed by the IJ absent a showing of good cause constitutes abandonment of the application relief).  Petitioners' due process contention fails as well.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring agency error for a petitioner to establish a violation of due process).

**PETITION FOR REVIEW DENIED.**