NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANATOLIO BARCO ARAGON, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-71147 Agency No. A214-276-171 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020[**]

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Anatolio Barco Aragon, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his request for a continuance.  We

have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

agency's denial of a continuance and decision to deem an application waived for failure to adhere to an imposed deadline. *Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008) (continuance); *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (deeming application waived). We review de novo due process claims. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004). We deny the petition for review.

The agency did not abuse its discretion or violate due process in denying Aragon's motion to continue and deeming his application for relief waived for failure to adhere to the stated filing deadline. The IJ had previously notified Aragon and his counsel of the filing deadline and consequences of missing it, the agency considered and rejected Aragon's reason for the continuance, and Aragon was represented by counsel, was provided an opportunity to file an application for relief, and has not shown that the timing of his receipt of his Freedom of Information Act record prevented him from filing his application. *See Taggar*, 736 F.3d at 889 (agency did not abuse discretion in deeming application waived for failing to adhere to deadline imposed by the IJ); *Cui*, 538 F.3d at 1292 (reasonableness of petitioner's conduct a factor to consider when reviewing the denial of a continuance); *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926-27 (9th Cir. 2007) ("Where an alien is given a full and fair opportunity to be represented by counsel, prepare an application for . . . relief, and to present testimony and other evidence in support of the application, he or she has been

provided with due process.").

Finally, Aragon's contention that the IJ failed to advise him of his apparent eligibility for cancellation of removal is unsupported where he had already asserted his intention to seek that form of relief.

Aragon's motion for a stay of removal is denied as moot.

**PETITION FOR REVIEW DENIED.**