**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BENITO VARGAS MORENO, | No. 21-70272 |
| Petitioner, | Agency No. A213-204-069 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2022[**]
Pasadena, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BLOCK,[***] District

Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Benito Vargas Moreno (Petitioner) is a native and citizen of Mexico. He seeks review of an order from the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and we **DENY** the petition.

We review for abuse of discretion the determination that an application for relief was abandoned and the denial of a continuance. *See Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013).

The BIA committed no abuse of discretion in affirming the determination by the Immigration Judge (IJ) that Petitioner's application for relief was abandoned when he failed to file it before the deadline set by the IJ. *See* 8 C.F.R. § 1003.31(c) ("[T]he immigration judge may set and extend time limits for the filing of applications . . . If an application . . . is not filed within the time set by the immigration judge, the opportunity to file that application . . . shall be deemed waived.")

During a hearing on February 19, 2020, the IJ instructed Petitioner that he would be ordered removed unless he completed his application before the date of his next hearing on March 17, 2020. Due to the coronavirus pandemic, the March hearing was postponed until June 23, 2020, giving Petitioner an additional three

2

months to complete his application. Despite this additional time, Petitioner failed to complete his application, and he was ordered removed. The BIA did not abuse its discretion. *See Taggar*, 736 F.3d at 890.[1]

The denial of a further continuance to find an attorney and complete an application was within the agency's discretion, because Petitioner failed to demonstrate good cause for the requested continuance. *See* 8 C.F.R. § 1003.29 ("The immigration judge may grant a motion for continuance for good cause shown . . ."). At Petitioner's first hearing (on February 19, 2020), he informed the IJ that he was not planning to retain counsel for his deportation case and wanted to represent himself. He also assured the court that he would be able to have his application completed before his next hearing on March 17, 2020. Four months later (on June 23, 2020), Petitioner had changed his mind about retaining counsel and asked for a continuance to permit him to find counsel and complete his application. He contended that the coronavirus pandemic–which led to the postponement of his second hearing thereby giving him an additional three months to find an attorney and complete his application–warranted an additional

---

[1] Because Petitioner's application for asylum, withholding of removal, and CAT relief were deemed abandoned, we do not address the merits of those requests. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (observing that we are not required to address "issues the decision of which is unnecessary to the results") (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)).

continuance. At the hearing on June 23, 2020, Petitioner did not say what, if anything, he had done during the four months to retain counsel, and did not discuss any specific obstacles he had encountered. After previously assuring the court that he could complete his application in one month, Petitioner failed to do so in the four months provided, and failed to show good cause for his inability to do so. *See Arrey v. Barr*, 916 F.3d 1149, 1153, 1158 (9th Cir. 2019) (concluding that four months was a "reasonable time to locate counsel").

**PETITION DENIED.**