NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BATDORJ ERDENEBAT;
BAYARTSETSEG TSOGTBAYAR;
NAMULAN BATDORJ,

          Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   20-73288

Agency Nos.   A216-524-932
                   A216-524-933
                   A216-524-934

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2022[**]
San Francisco, California

Before:  GOULD, NGUYEN, and BENNETT, Circuit Judges.

Batdorj Erdenebat, his wife Bayartsetseg Tsogtbayar, and their daughter

Namulan Batdorj, natives and citizens of Mongolia, petition for review of the

Board of Immigration Appeals' ("BIA") order dismissing their appeal from the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's decision denying their application for asylum. In addition, the BIA denied petitioners' motion to remand so that Tsogtbayar could apply for asylum individually rather than derivatively through Erdenebat.

We have jurisdiction under 8 U.S.C. § 1252. Reviewing legal conclusions de novo, factual findings for substantial evidence, and the remand decision for abuse of discretion, *see Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021) (asylum); *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (remand), we grant the petition for review and remand to the BIA for further proceedings.

1. The BIA failed to address petitioners' claim that Erdenebat was persecuted by the police—not Dash Bayasgalan and Dash's father—on account of an imputed political opinion. Petitioners argued to the BIA that "the police . . . threaten[ed] [Erdenebat] with arrest and prosecution" without "any legitimate prosecutorial justification" based on the officers' false belief that he "desire[d] to politically harm [Dash's] father." Because the BIA addressed a different argument, it considered whether Dash and his father had a political motive. The proper inquiry is whether the police officers had such a motive. *See Kaur*, 986 F.3d at 1226 ("When evaluating whether a petitioner has been persecuted 'on account of' a protected ground, we examine the *persecutor*'s motive . . . ." (emphasis added)). We therefore remand for the BIA to consider this claim. *See Rios v. Lynch*, 807 F.3d 1123, 1126 (9th Cir. 2015).

2.    We also remand for the BIA to reconsider, in light of *In re L-E-A-* ("*L-E-A- III*"), 28 I. & N. Dec. 304 (U.S. Att'y Gen. 2021), its order denying petitioners' motion to remand.  As the government acknowledges, the BIA's analysis rested on *In re L-E-A-*, 27 I. & N. Dec. 581 (U.S. Att'y Gen. 2019), which *L-E-A- III* vacated.  We decline petitioners' invitation to hold that Tsogtbayar "establish[ed] a prima facie case for asylum relief," which would require fact-based inquiries that we cannot perform in the first instance.  *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

**PETITION GRANTED; REMANDED.**