NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIGIDA MAGDALENA SALAZAR
MARTINEZ,

                Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   18-71546

Agency No. A209-162-748

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
San Francisco, California

Before: GOULD and RAWLINSON, Circuit Judges, and ZIPPS,[***] District Judge.

Brigida Magdalena Salazar Martinez, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals ("BIA") order dismissing

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

her appeal challenging the Immigration Judge's ("IJ") denial of her request for a continuance to obtain counsel and deeming waived her applications for relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review due process challenges to immigration proceedings de novo. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We review for abuse of discretion the denial of a motion to continue and a decision to deem an application waived. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013).

We conclude that the IJ did not abuse her discretion in denying Salazar Martinez's request for a fourth continuance, or violate Salazar Martinez's due process right to counsel by denying the continuance request. Salazar Martinez was made aware that she had one year from her date of entry on May 26, 2016 to file for asylum. She was granted multiple continuances and appeared in immigration court four times between October 5, 2016, and the IJ's oral decision on May 10, 2017. The IJ informed Salazar Martinez on March 28, 2017, that if she did not return completed applications for relief on May 10, 2017, the applications would be considered abandoned and she would be ordered removed. Throughout, Salazar Martinez was aware of her need for legal assistance. She was out of custody and able to seek counsel and, in addition to granting continuances to allow Salazar Martinez to obtain counsel, the IJ provided information about finding free or low-cost counsel. On these facts, we conclude the IJ did not err in denying a fourth

2

continuance.  *See Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th Cir. 2005); *see also Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019).

We also conclude that the IJ did not abuse her discretion in finding Salazar Martinez abandoned her applications for relief when she failed to file applications by the deadline imposed by the IJ, even though sixteen days remained to file under the one-year filing deadline.  *See* 8 C.F.R. § 1003.31(c) ("If an application or document is not filed within the time set by the immigration judge, the opportunity to file the application shall be deemed waived."); *Taggar*, 736 F.3d at 889 (no abuse of discretion in ordering application waived for failure to file within the IJ-ordered deadline).  Salazar Martinez was given sufficient opportunity to file for relief and warned of the consequences if she did not bring a completed application to the May 10, 2017 hearing.

**PETITION FOR REVIEW DENIED.**