NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO HERNANDEZ OLIVOS, AKA Julio Hernandez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.    19-72380 <br><br> Agency No. A215-855-171 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2022**
Anchorage, Alaska

Before:  S.R. THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

Julio Hernandez Olivos, a native of Mexico, seeks review of a decision of the

Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of

a continuance and denying petitioner's motion to remand.  We review both decisions

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021) (continuance); *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (remand).

The BIA did not abuse its discretion by affirming the IJ's denial of a continuance. Hernandez Olivos did not meet his burden of showing that his visa petition was prima facie approvable under the "bona fide marriage" exemption, 8 C.F.R. §§ 204.2(a)(l)(iii).

The BIA did not abuse its discretion by denying the motion to remand based on its determination that the new evidence would not constitute exceptional and extremely unusual hardship. *See Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021) ("This court does not have jurisdiction to review the merits of the BIA's discretionary decision to deny cancellation of removal based on hardship.").

**PETITION FOR REVIEW DENIED.**