NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FELIX HERNANDEZ-RAMIREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1419

Agency No.
A205-527-936

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2023[**]
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and COLLINS, District Judge.[***]

Felix Hernandez-Ramirez petitions for review of a Board of Immigration

Appeals (BIA) order dismissing his appeal from the order of an immigration judge

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

(IJ) denying his applications for cancellation of removal and voluntary departure in the alternative. Hernandez-Ramirez is a citizen of Mexico. To the extent that we have jurisdiction, it is under 8 U.S.C. § 1252. We deny the petition for review.

1. We "lack[] jurisdiction to review the merits of a discretionary decision to deny cancellation of removal," and only "have jurisdiction to review whether the [agency] considered relevant evidence in making this decision." *Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019). Hernandez-Ramirez appears to argue that the BIA failed to consider certain "positive equities" when it concluded that he "has not demonstrated that he merits cancellation of removal . . . in the exercise of discretion." But the BIA considered the evidence that Hernandez-Ramirez cites, including hardship to his United States citizen children, his church involvement, his work history, and that he was never convicted following controlled substance charges. We accordingly do not have jurisdiction to review the BIA's discretionary determination that Hernandez-Ramirez did not merit cancellation of removal. *Id*.

Because the BIA's exercise of discretion is an independent ground for denying Hernandez-Ramirez's application for cancellation of removal, we need not consider Hernandez-Ramirez's other arguments. *See* 8 U.S.C. § 1229a(c)(4)(A) (a noncitizen applying for discretionary relief has the burden of proof to establish not only that she "satisfies the applicable eligibility requirements," but also separately that she "merits a favorable exercise of discretion.").

2

2.      It was not an abuse of discretion for the IJ to exclude the supplemental evidence that Hernandez-Ramirez attempted to file only three days before his hearing, and almost two months after the IJ's deadline for "relief applications." *See Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (applying abuse of discretion review). The IJ set a reasonable deadline—giving Hernandez-Ramirez more than seven months—for the filing of his relief application. *See* 8 C.F.R. § 1003.31(h) ("If an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived."). Hernandez-Ramirez knew of the deadline but did not prepare a motion for late filing, request a continuance, or otherwise offer a compelling explanation as to why the evidence was filed late and only three days before his hearing. The IJ therefore did not abuse its discretion by declining to accept the evidence.[1]

3.      For the first time on appeal, Hernandez-Ramirez argues that the IJ lacked jurisdiction because his notice to appear (NTA) lacked the requisite date and time. He has failed to exhaust this argument, *see Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023), and in any event his argument is foreclosed by our precedent, *see United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir.

---

[1] To the extent that Hernandez-Ramirez makes a due process argument related to the late-filed evidence on appeal, he failed to exhaust such an argument before the BIA because he did not make "a clear, non-conclusory argument in support of his claim." *See Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021).

3

2022) (en banc) ("[T]he failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction . . . ."), *cert. denied* 143 S. Ct. 755 (2023).

**PETITION DENIED.**