NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ORALIA MARTIN-MENDOZA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-773<br><br>Agency No.<br>A205-773-795<br><br>MEMORANDUM\* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2023\*\*
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and KENNELLY, District Judge.\*\*\*

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Oralia Martin-Mendoza, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the order of an immigration judge (IJ) denying her claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA "conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (citation and internal quotation marks omitted). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020) (citation omitted). We deny Martin-Mendoza's petition.

1.      Martin-Mendoza argues that that the IJ lacked jurisdiction over her proceedings because she was served with a Notice to Appear (NTA) that did not include the time and date for her removal hearing. This argument is squarely foreclosed by our precedent. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190 (9th Cir. 2022) (en banc). Martin-Mendoza also argues that her case should be remanded for consideration of voluntary departure due to this defective NTA. We decline to consider this argument because she failed to properly exhaust the claim. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

Specifically, Martin-Mendoza did not seek voluntary departure before the IJ and did not present this issue before the BIA.

2.      Substantial evidence supports the agency's determination that Martin-Mendoza is ineligible for asylum.  Martin-Mendoza failed to apply for asylum within one year of her arrival as required by 8 U.S.C. § 1158(a)(2)(B).  She argues that her desire to avoid reliving her traumatizing past constitutes an "extraordinary circumstance[]" that excused her untimely filing.  *See* 8 U.S.C. § 1158(a)(2)(D).  But the IJ properly considered her testimony regarding her initial apprehension to apply for asylum to find that her mental state did not rise to the level of an "extraordinary circumstance" analogous to those listed in 8 C.F.R. § 1208.4(a)(5).  *See Alquijay v. Garland*, 40 F.4th 1099, 1104-05 (9th Cir. 2022) (ruling that petitioner failed to demonstrate that the mental toll of fleeing his homeland constituted an extraordinary circumstance).  Martin-Mendoza asks us to consider whether her PTSD diagnosis constitutes an "extraordinary circumstance." But our jurisdiction to review the IJ's extraordinary circumstances determination "is limited to instances where the underlying facts are undisputed."  *Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013) (quotation omitted).  Because the relation between her diagnosis and her untimely filing is not an undisputed fact, we lack jurisdiction to review whether her PTSD constitutes an "extraordinary circumstance."  Absent an exception, Martin-Mendoza is statutorily barred from

3

asylum eligibility.

3.    Substantial evidence supports the agency's determination that Martin-Mendoza does not qualify for withholding of removal because she failed to establish that she was or would be persecuted on account of a protected ground. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) (citation omitted) ("The applicant must demonstrate a nexus between her past or feared harm and a protected ground.").  The mistreatment Martin-Mendoza faced from her teachers may have been on account of her status as an indigenous person, but their actions did not rise to the level of persecution.  *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (citation omitted) ("Persecution … is an extreme concept that means something considerably more than discrimination or harassment.").

There is no dispute that the rape Martin-Mendoza suffered as a child constitutes past persecution.  But Martin-Mendoza has not established a nexus between her past persecution and her "race, religion, nationality, membership in a particular social group, or political opinion." *Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013) (citation omitted).  Martin-Mendoza testified that she did not know the men who assaulted her, and she did not express a belief that they targeted her because of any protected characteristic.  There is no evidence in the record that she was assaulted "on account of" a statutorily protected ground rather than as a "random act of violence." *Ochave v. I.N.S.*, 254 F.3d 859, 866 (9th Cir. 2001).

And Martin-Mendoza's general fear of being harmed by criminals in Guatemala "bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Because the evidence in the record does not compel a conclusion contrary to the agency's that Martin-Mendoza had not established that her "life or freedom would be threatened in [Guatemala] on account of" a statutorily protected ground, 8 C.F.R. § 1208.16(b), she is ineligible for withholding of removal.

4. Substantial evidence likewise supports the agency's finding that Martin-Mendoza did not demonstrate a likelihood of torture if returned to Guatemala. To qualify for CAT relief, "[t]he torture must be by government officials or private actors with government acquiescence." *Arrey v. Barr*, 916 F.3d 1149, 1160 (9th Cir. 2019) (citation omitted). The sexual assault Martin-Mendoza suffered constitutes past torture. But Martin-Mendoza did not show that any future harm would be by or with the acquiescence of the Guatemalan government. Martin-Mendoza points to country conditions reports as evidence that the Guatemalan government has not been effective in remedying violence. But this general ineffectiveness, without more, is insufficient to show acquiescence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

5. The IJ did not abuse his discretion by refusing to admit into evidence the psychological evaluation and human rights report that Martin-Mendoza presented on the morning of her merits hearing. An IJ has broad discretion over

whether to consider supplemental evidence that is offered after a court-mandated deadline. *Owino v. Holder*, 771 F.3d 527, 532 (9th Cir. 2014). Martin-Mendoza's counsel conceded this evidence was untimely and that his request did not conform with applicable requirements for untimely filings. Furthermore, the psychological evaluation had been completed three months before the original filing deadline and nine months before the merits hearing. Under these circumstances, the IJ did not abuse his discretion by rejecting the untimely request. *See Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (finding no abuse of discretion in IJ's decision to reject applications for relief from removal filed after court-ordered deadline).

Additionally, Martin-Mendoza has failed to demonstrate that the IJ's refusal to admit the new evidence violated her due process rights. We will grant a petition on due process grounds only if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (quotation omitted). Even without admitting the psychological evaluation, the IJ expressly acknowledged that Martin-Mendoza's trauma may have contributed to her delayed filing and credited her testimony regarding why she failed to apply for asylum before the one-year deadline. Furthermore, the agency considered "general country conditions" when analyzing Martin-Mendoza's eligibility for protection from removal. The IJ's refusal to admit this evidence did not prevent Martin-Mendoza from reasonably

6                                                    21-773

presenting her case or potentially impact the outcome of the proceedings.

**PETITION DENIED.**