NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID HERRERA-QUINTERO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-668<br><br>Agency No.<br>A206-100-436<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2025**

Before:     CANBY, R. NELSON, and FORREST, Circuit Judges.

David Herrera-Quintero, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision deeming his application for cancellation of

removal abandoned. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion a decision to deem an application abandoned. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We grant in part and deny in part the petition for review, and remand.

When the agency found that Herrera-Quintero abandoned his application for cancellation of removal, it did not have the benefit of this court's decision in *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 761-64 (9th Cir. 2023) (good-cause exception to filing deadlines for discretionary applications recognized). Thus, we grant the petition for review in part, and we remand to the agency to consider in the first instance whether Herrera-Quintero established good cause for his failure to meet the filing deadline. *See INS v. Orlando Ventura*, 537 U.S. 12, 16-18 (2002); *see also Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) (exhaustion not required where resort to the agency would be futile).

To the extent Herrera-Quintero contends his attorney provided ineffective assistance of counsel, this claim is not properly before the court because he did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not jurisdictional); *Puga v. Chertoff*, 488 F.3d 812, 815-16 (9th Cir. 2007) (ineffective assistance of counsel claims must be raised in a motion to reopen before the BIA).

Each party must bear its own costs for this petition for review.

23-668

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW GRANTED in part, DENIED in part; REMANDED.**