NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FABIAN JIMENEZ-GARCIA, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-1287 <br><br> Agency No. <br> A095-728-245 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2025**
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

Fabian Jimenez-Garcia, a native and citizen of Mexico, petitions for review

of the Board of Immigrations Appeals' ("BIA") decision dismissing his appeal

from the Immigration Judge's ("IJ") decision denying his application for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. Jimenez-Garcia challenges the BIA's finding that he was ineligible for cancellation of removal because he failed to establish "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). Our review of the BIA's hardship determination is "deferential" because that determination is a "mixed question" of law and fact that is "primarily factual." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024); *see also id.* at 222.

While Jimenez-Garcia's removal would inflict emotional and financial hardship on his two United States citizen children, the hardships he has established are not "substantially beyond that which ordinarily would be expected to result from [a noncitizen's] deportation." *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (citation omitted). Thus, showing "deferen[ce]" to the BIA, *Wilkinson*, 601 U.S. at 225, we conclude the BIA did not err in determining that the hardship here does not rise to the level of "exceptional and extremely unusual."

2. Jimenez-Garcia also argues the BIA abused its discretion and violated his due process rights by declining to accept his late-filed motion to suppress the Government's evidence of alienage. IJs have discretion to "deem[] waived" any documents "not filed within the time set." 8 C.F.R. § 1003.31(h). Jimenez-Garcia's counsel filed the motion to suppress days after the IJ's deadline, with no

motion to accept the late filing. Counsel subsequently explained that he was busy filing other briefs with the BIA around the same time. It was not abuse of discretion for the IJ to find, and the BIA to agree, that this was not good cause to excuse the untimely filing. *See Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (holding that "[n]either the IJ nor the [BIA] abused their discretion in holding that Taggar had waived her application for relief and protection" because she "did not file her application for relief by . . . the extended due date"). As there was no error, there was no due process violation either. *See Gonzalez-Veliz v. Garland*, 996 F.3d 942, 949 (9th Cir. 2021) (finding "no abuse of discretion in the IJ's decision to deem Gonzalez-Veliz's application abandoned," then concluding her "due process claim fails for the same reason," namely her inability to show error).

3. The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.