NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRES RICARDO RODRIGUEZ-MENDOZA; JURLEY ANDREA FARFAN-SANCHEZ; D.M.R.F, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-4815 <br><br> Agency Nos. <br> A240-335-557 <br> A240-335-558 <br> A240-335-559 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2025[**]
Seattle, Washington

Before: GRABER, BEA, and BENNETT, Circuit Judges.

Petitioners Andres Ricardo Rodriguez-Mendoza and Jurley Andrea Farfan-Sanchez[1] are natives and citizens of Colombia who seek review of a decision of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[1] Petitioners' daughter is a derivative beneficiary on both of their asylum applications.

Board of Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings and will not overturn a finding "unless any reasonable adjudicator would be compelled to conclude to the contrary."  Flores-Rodriguez v. Garland, 8 F.4th 1108, 1113 (9th Cir. 2021) (citations and internal quotation marks omitted); 8 U.S.C. § 1252(b)(4)(B).  We deny the petitions.

1.  Substantial evidence supports the BIA's determination that Farfan-Sanchez failed to show that the Colombian government is unwilling or unable to protect her.  See J.R. v. Barr, 975 F.3d 778, 782 (9th Cir. 2020) ("In order to establish eligibility for asylum on the basis of past persecution, an applicant must show . . . [that] the government is either unable or unwilling to control [the applicant's persecutor]." (quoting Navas v. INS, 217 F.3d 646, 655–56 (9th Cir. 2000))).  The existence of forensic evidence alone does not prove that the Colombian police had a prosecutable case against Farfan-Sanchez's uncle.  Additionally, the agency permissibly relied on the fact that the Colombian police arrested the uncle and jailed him for a year until Farfan-Sanchez's mother dropped the charges against him.  Accordingly, substantial evidence supports the BIA's ruling that Farfan-Sanchez is not eligible for asylum.

2.  Substantial evidence also supports the BIA's determination that Rodriguez-Mendoza did not fear harm on account of an imputed political opinion. The fact that the stranger who shot Rodriguez-Mendoza called him a "snitch" does not compel us to find that Rodriguez-Mendoza was persecuted for an imputed political opinion. Even assuming that the unknown shooter was a member of a paramilitary organization, the term "snitch" could have referred to the fact that Rodriguez-Mendoza's mother filed a police report after the paramilitary organization asked Rodriguez-Mendoza to smuggle weapons and drugs on its behalf. Therefore, the agency reasonably found that the stranger shot Rodriguez-Mendoza because his family contacted the police after he refused to participate in illegal activity, and not because he held, or was believed by the shooter to hold, a political opinion hostile to the paramilitary organization. See Regalado-Escobar v. Holder, 717 F.3d 724, 730 (9th Cir. 2013) (holding that even when a political organization commonly engages in illegal or violent activities, the refusal of recruitment efforts does not necessarily compel a finding of imputed political opinion).

3.  In addition, substantial evidence supports the BIA's denial of CAT relief to Rodriguez-Mendoza.[2]  See Park v. Garland, 72 F.4th 965, 980 (9th Cir. 2023)

---

[2] Farfan-Sanchez did not challenge the IJ's denial of her request for CAT protection.

("The record must show that it is more likely than not that the petitioner will face a particularized and non-speculative risk of torture."). After being shot, Rodriguez-Mendoza lived in Colombia for more than three years without additional incident. Although he moved several times and lived a more secluded life than he did before the shooting, he was able to earn a living as a taxi driver during those years. See Tzompantzi-Salazar v. Garland, 32 F.4th 696, 704–05 (9th Cir. 2022) (finding that the petitioner's ability to relocate and avoid harm justified denial of CAT relief). Accordingly, Rodriguez-Mendoza's evidence does not compel us to find that he established a likelihood of torture if returned to Colombia.

4. Finally, Rodriguez-Mendoza challenges the BIA's denial of his motion to remand. Reviewing for abuse of discretion, Taggar v. Holder, 736 F.3d 886, 889 (9th Cir. 2013), we see none. Rodriguez-Mendoza sought remand to introduce new evidence that two unknown men followed his sister, threatened her, and asked about Rodriguez-Mendoza's whereabouts. But remand is appropriate only if the BIA concludes that it cannot decide a case without new evidence to resolve factual disputes. Zumel v. Lynch, 803 F.3d 463, 475 (9th Cir. 2015). Here, the BIA assumed the additional facts arguendo but held that those facts were unlikely to affect the result. The BIA did not abuse its discretion in denying remand because substantial evidence would have supported the BIA's determination even considering the sister's testimony.

**PETITIONS DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Docket No. 18, and supplemental motion for a stay of removal, Docket No. 21, are otherwise DENIED.

24-4815