**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN DOE, | No. 24-4728 |
| Petitioner, | Agency No. A216-429-656 |
| v. | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 2, 2025
Pasadena, California

Before: GOULD, BADE, and LEE, Circuit Judges.

Petitioner John Doe petitions for review of the Board of Immigration

Appeals' ("BIA") order denying his motion to remand based on ineffective

assistance of counsel ("IAC") and new evidence and affirming the immigration

judge's ("IJ") order denying his application for protection under the Convention

Against Torture ("CAT").[1] "Where the BIA writes its own decision, as it did here,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Petitioner's motion to proceed by pseudonym, Dkt. 31, is granted.

we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075-76 (9th Cir. 2020). We review legal questions *de novo*. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). Factual findings underlying denial of CAT protection are reviewed for substantial evidence. *See Fon v. Garland*, 34 F.4th 810, 816 (9th Cir. 2022). We review the BIA's denial of a motion to remand for abuse of discretion. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. Substantial evidence supports the BIA's denial of CAT protection. To establish entitlement to CAT protection, Petitioner must "prove that it is more likely than not that he . . . would be tortured if removed to the proposed country . . . [a]nd that torture must be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (internal quotation marks and citation omitted). The BIA and IJ considered Petitioner's fear of harm from members of the Wild Bunch ("WB") gang, members of other gangs in Jamaica, corrupt police officers collaborating with gangs, and officials acting under the state of emergency in the aggregate and found Petitioner's fear of torture to be impermissibly speculative and not particularized. The BIA and IJ reasonably considered the significant length of time since Petitioner was last harmed by the

WB or had any encounters with government officials in Jamaica and reasonably found the evidence that the WB remains interested in Petitioner, that the gang currently exists, and that the gang's former members still reside in Jamaica, unpersuasive. The BIA and IJ also considered the evidence of police corruption but noted other evidence demonstrating that the Jamaican government was committed to reducing gang-related crime and violence, as well as the lack of evidence showing any risk of torture Petitioner faced was adequately particular. Under the substantial evidence standard, the court is not to "search[] the record for other evidence that could reasonably support a conclusion other than the one the agency reached, the only question for judges reviewing the BIA's factual determinations is whether *any* reasonable adjudicator could have found *as the agency did*." *Edgar G.C. v. Bondi*, 136 F.4th 832, 850 (9th Cir. 2025) (internal quotation marks and citation omitted). Substantial evidence supports the BIA and IJ's finding that the evidence in the record is based on a speculative and general fear, which does not establish eligibility for CAT protection.

2. The BIA did not abuse its discretion when it denied Petitioner's motion to remand. The record does not compel a finding that the evidence omitted by Petitioner's former counsel "may have affected the outcome of the proceedings," *see Iturribarria v. INS*, 321 F.3d 889, 899-900 (9th Cir. 2003) (citation omitted), because the new evidence did not satisfy the requirement of

state acquiescence.  Even if we assume that Petitioner's former counsel was inadequate, Petitioner nonetheless did not show that he was prejudiced by any ineffective assistance of counsel.  *See id.*  Nor does the record compel a finding that the new evidence of Petitioner's cousin's death was material because it also did not speak to the dispositive lack of evidence as to state acquiescence.  *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) (holding the BIA can deny a motion to remand or reopen based on new evidence for "failure to introduce previously unavailable, material evidence") (citation omitted).  Petitioner contends that the BIA applied the wrong legal standard to both the IAC and new evidence claims, but "[w]e have recognized that remand is an idle and useless formality when the BIA applies the wrong legal standard if, as a result of its factual findings, neither the result nor the BIA's basic reasoning would change."  *See Park v. Garland*, 72 F.4th 965, 978 (9th Cir. 2023) (internal quotation marks and citation omitted).

**PETITION DENIED**.[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 2, and supplemental motion for a stay of removal, Dkt. 21, are otherwise denied.

24-4728