NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL GARCIA-LARA,<br><br>                Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                Respondent. | No.   20-73300<br><br>Agency No. A202-014-724<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2022[**]
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and RAKOFF,[***] District Judge.

Raul Garcia-Lara petitions for review of the Board of Immigration Appeals'

("BIA") order denying his application for cancellation of removal and his motion to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

remand. We dismiss in part and deny in part the petition for review.

1. We lack jurisdiction to review the merits of a challenge to a discretionary determination of the BIA to deny cancellation of removal, except for constitutional claims or questions of law that are "colorable." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). Because Garcia-Lara fails to establish a colorable claim and instead "attempt[s] to cloak an abuse of discretion argument in the garb of a question of law," we dismiss this part of the petition. *Id.* at 980 (cleaned up) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)).

Petitioner argues that the BIA overlooked the "social, personal, psychological, and emotional hardship" that would be experienced by Petitioner's daughter in the event of his removal and that the failure to address such considerations constituted an error of law since hardship must be examined in the aggregate.

Yet Petitioner presented no evidence about potential hardship that the BIA overlooked. The BIA found that the Immigration Judge considered the aggregate impact of several factors in reaching its decision, including "the cumulative financial, educational, and health impacts the respondent's removal from the United States would have on his daughter," and even though it was "sympathetic to the fact that [Petitioner's daughter] will suffer some hardship due to her father's removal," it still concluded that the hardship would not extend beyond what one would ordinarily expect upon the removal of a family member. *See Trejo v. Garland*, 3

2

F.4th 760, 775 (9th Cir. 2021) (explaining that cancellation of removal for "exceptional and extremely unusual hardship" requires a "truly exceptional situation in which a qualifying relative would suffer consequences substantially beyond the ordinary hardship that would be expected when a close family member leaves this country" (cleaned up) (quoting *In re Monreal-Aguinaga*, I. & N. Dec. 56, 62 (BIA 2001))).

2.      We have jurisdiction to review the BIA's denial of Garcia-Lara's motion to remand under 8 U.S.C. § 1252, review for abuse of discretion, and deny this part of the petition. *See Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). On a request for remand, Petitioner "bears a heavy burden of proving that . . . the new evidence would likely change the result in the case." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (cleaned up) (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)).

Petitioner claims that the BIA abused its discretion by failing to give full weight to the evidence supporting Petitioner's wife's health conditions. But the BIA expressly acknowledged that the "new evidence," which included the updated medical records of Petitioner's wife, still failed to establish a reasonable probability that his removal would cause an exceptional or extremely unusual hardship to his wife. The BIA did not express doubt over the truth of any of Petitioner's wife's assertions about her medical conditions and did not abuse its discretion.

3

**PETITION DENIED IN PART AND DISMISSED IN PART.**