NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTEBEN OSWALDO LOPEZ-LAZO, | No. 21-1360 |
| Petitioner, | Agency No.<br>A208-688-739 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 13, 2023[**]
Pasadena, California

Before: WALLACH,[***] CHRISTEN, and OWENS, Circuit Judges.

Esteben Lopez-Lazo, a native and citizen of El Salvador, petitions for review

the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

from an Immigration Judge's ("IJ") decision, which denied asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. For the asylum and withholding of removal claims, the BIA determined that Lopez-Lazo waived any challenge to the IJ's dipositive finding that he failed to establish the requisite nexus between any past or feared harm in El Salvador and his family-based particular social group.

The government contends that an abuse of discretion standard applies to our review of the BIA's determination that Lopez-Lazo waived this issue. But the case the government cites, *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013), concerns the standard of review applicable to an IJ's decision to deem applications waived for failing to adhere to deadlines imposed under 8 C.F.R. § 1003.31, not the BIA's determination that an applicant waived an issue for failing to adequately raise it.

Regardless, under any standard of review, Lopez-Lazo has not shown that the BIA erred in determining that he waived any challenge to the IJ's nexus finding because Lopez-Lazo's brief to the BIA failed to address this issue. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (holding that the BIA properly concluded that the petitioner waived a challenge to the IJ's denial of CAT relief

because he did not raise the issue in his brief to the BIA). Moreover, before our court, Lopez-Lazo likely waived any challenge to the BIA's waiver determination because Lopez-Lazo's only response in his opening brief is a conclusory statement that he implicitly challenged the IJ's nexus finding, without any citation to the record or supporting authority. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

The remainder of Lopez-Lazo's arguments regarding his asylum and withholding of removal claims are outside the scope of our review, which is limited to the grounds relied upon by the BIA. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

2. Substantial evidence supports the BIA's denial of CAT protection because Lopez-Lazo failed to show a particularized risk of future torture by or with the acquiescence of a public official if returned to El Salvador. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (setting forth standard of review and stating that to receive CAT protection "the petitioner must demonstrate that he would be subject to a particularized threat of torture" (emphasis and citation omitted)); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard.").

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.