NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CINDY KARINA MARTINEZ DE
MARTINEZ; ANDERSSON BENJAMIN
MARTINEZ MARTINEZ; WILLIAM
LARRY MARTINEZ MARTINEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1120

Agency Nos.
A208-587-982
A208-587-983
A208-587-984

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2024 [**]

Before: OWENS, LEE, and DESAI, Circuit Judges.

Cindy Karina Martinez de Martinez ("Martinez"), a native and citizen of El

Salvador, petitions for review of the Board of Immigration Appeals' ("BIA")

decision dismissing her appeal from the immigration judge's ("IJ") denial of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Martinez also seeks review of the BIA's denial of a motion to remand.  Martinez's two children are derivative beneficiaries of her asylum application.

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).  "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion."  *Id.*  We review the denial of a motion to remand for abuse of discretion.  *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013).  As the parties are familiar with the facts, we do not recount them here.  We deny the petition for review.

1.  We uphold the BIA's denial of asylum, withholding of removal, and protection under CAT.

In both the asylum and withholding contexts, a petitioner alleging past persecution must show that: (1) the harm they have suffered "rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control."  *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (asylum); *see also Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (withholding).  Asylum and withholding of removal

are further unavailable if the applicant could avoid persecution by relocating within the country, and it would be reasonable to expect the applicant to do so. *Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020).

Martinez contends that the IJ erred in finding that a) she had not established that the Salvadorean government is unable or unwilling to protect her and b) she could internally relocate within El Salvador. However, as the government points out, Martinez did not raise these arguments before the BIA. Indeed, the BIA deemed them "waived" and did not address them. Because Martinez has thus failed to exhaust, as required by 8 U.S.C. § 1252(d)(1), we reject these arguments on appeal. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that the exhaustion requirement in § 1252(d)(1), although not jurisdictional, is a mandatory claims-processing rule).

As a result, we do not reach Martinez's other argument on appeal—that the IJ erred in finding that she did not experience past harm rising to the level of persecution. Even assuming that the IJ erred in this manner, her failure to exhaust two elements necessary for relief independently supports her ineligibility for asylum and withholding.

In addition, Martinez has failed to exhaust her claim for CAT protection. On appeal to the BIA, she did not challenge the IJ's determination that she is ineligible for CAT protection. As a result, we deny this portion of her petition. *See Umana-*

*Escobar*, 69 F.4th at 550.

Thus, we affirm the BIA's denial of asylum, withholding of removal, and protection under CAT.

2. The BIA did not abuse its discretion in denying Martinez's motion to remand her removal proceedings. Martinez contends that the IJ erred by relying on *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), a case that has since been vacated, *see* 28 I. & N. Dec. 307 (A.G. 2021).

However, a remand to the IJ would not change the result in this case because, as explained above, Martinez is not eligible for asylum. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (noting that petitioners "who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case" (citation omitted)). Indeed, the BIA expressly disclaimed reliance on the since-vacated *Matter of A-B-* and affirmed the IJ's denial of relief based on independent grounds—specifically, that Martinez had not challenged the IJ's determinations regarding relocation and whether the government is unable or unwilling to protect her.

The stay of removal remains in place until the mandate issues.

**PETITION DENIED**.