NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ISIDRO MEMBRENO NUNEZ; ERIKA
LISBETH MEMBRENO
ESCOBAR; DAVID ALEXANDER
REYES MEMBRENO; ISIDRO JOSUE
MEMBRENO ESCOBAR,

          Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 22-2026

Agency Nos.
A098-298-891
A206-627-749
A206-627-750
A206-627-747

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2024[**]
Pasadena, California

Before: COLLINS and LEE, Circuit Judges, and RODRIGUEZ, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

Petitioners, Isidro Membreno-Nunez; his adult children, Isidro Josue Membreno-Escobar and Erika Lisbeth Membreno-Escobar; and Erika's minor son, D.A.R.M., petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Petitioners are natives and citizens of El Salvador. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

This court's "review is limited to the BIA's decision except where the IJ's opinion is expressly adopted." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (citing *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). Where the BIA appears to rely on the IJ's reasoning, we look to the IJ's decision "as a guide to what lay behind the BIA's conclusion." *Bingxu Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014) (citation and internal quotation marks omitted).

This court reviews constitutional and other questions of law de novo and reviews the agency's factual findings for substantial evidence. *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under the latter standard, the agency's action should be upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Dai v. Garland*, 9 F.4th 1142, 1144 (9th Cir. 2021)

(citation omitted).  We review an IJ's decision to exclude evidence as untimely filed for abuse of discretion.  *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013).

1.  Exclusion of Late-Filed Evidence.  The IJ did not abuse her discretion or violate Petitioners' due process rights by excluding late-filed evidence for failure to show good cause.  The IJ has broad discretion to set and enforce filing deadlines.  *See* 8 C.F.R. § 1003.31(h) (2022) ("If an application or document is not filed within the time set by the immigration judge, the opportunity to file that application or document shall be deemed waived.").  Petitioners conceded that evidence was not timely filed but fail to present a compelling reason for the delay.  Moreover, Petitioners fail to describe the substance of the rejected evidence, let alone explain how its exclusion was prejudicial.  *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

2.  Asylum and withholding of removal.  To be eligible for asylum, a petitioner bears the burden of demonstrating a likelihood of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A).  "To be eligible for withholding of removal, the petitioner must discharge this burden by a 'clear probability.'"  *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (citation omitted); *see* 8 U.S.C. § 1231(b)(3).

Eligibility for asylum based on a well-founded fear of future persecution requires an applicant to satisfy both a subjective and an objective test. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998). Applicants satisfy the subjective test by credibly testifying that they genuinely fear persecution by their government, or private actors their government is unable or unwilling to control, on account of a statutorily-protected ground. *Id.* The objective component is satisfied where "credible, direct, and specific evidence in the record" supports a reasonable fear of persecution. *Id.* (citation omitted).

Taking the totality of the circumstances into account, the agency's adverse credibility finding as to Petitioners' claims for asylum and withholding is supported by substantial evidence.[1] 8 U.S.C. § 1158(b)(1)(B)(iii) (explaining that, in making a credibility determination, a trier of fact may consider, *inter alia*, internal inconsistencies in a witness's written or oral statements, inconsistencies with other record evidence, and the plausibility of the witness's account, without regard to whether inconsistencies "go[] to the heart of the applicant's claim"); *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc).

The numerous and confusing inconsistencies in Membreno-Nunez's testimony concerning the timeline of the threatening phone calls he received justify

[1] Membreno-Nunez was ineligible for asylum because he was subject to a prior removal order that had been reinstated. His withholding-only proceedings were joined with his family members' removal proceedings.

the adverse credibility finding, and nothing in the record compels a finding to the contrary. Membreno-Nunez first testified that he could not recall when he received the first threatening phone call. When asked why he was unable to remember such an important date, Membreno-Nunez did not provide an explanation but instead began identifying—and repeatedly changing—months and years in which the first phone call might have occurred. *Compare Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (noting that, while adverse credibility findings may not be based on an "utterly trivial" discrepancy, "even minor inconsistencies" may impact credibility), *with Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1092 (9th Cir. 2014) (overturning an adverse credibility finding principally based on one date-based inconsistency where the documentary evidence confirmed that it was a typographical error).

Neither the IJ nor the BIA suggested that Membreno-Nunez's credibility hinged on his ability to provide the exact dates of the phone calls. Rather, the IJ found that Membreno-Nunez could not provide a reasonable explanation for his inability to recall the dates. The IJ also found it implausible that Membreno-Nunez would "rush[]" to pay extortion demands when he had no idea who was calling him or where they were calling from and had not had any in-person interactions with gang members. The IJ did not categorically state that a witness could never credibly testify about a threatening phone call. Here again, the evidence supports

the view that Membreno-Nunez failed to plausibly support his belief that the anonymous callers would execute their threat. "There is no presumption of credibility." 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the IJ adequately identified problems with Membreno-Nunez's testimony, and we are not compelled to conclude that he was credible.

Because Membreno-Nunez's testimony was the critical evidence offered in support of Petitioners' applications for asylum and withholding of removal, the agency's adverse credibility finding is dispositive of their claims for such relief, and we need not reach the remaining issues concerning such relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("[C]ourts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

3. <u>CAT.</u> "To establish entitlement to protection under CAT, an applicant must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda*, 23 F.4th at 834 (quoting 8 C.F.R. § 1208.16(c)(2)). "The torture must be 'inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity.'" *Id.* (quoting 8 C.F.R. § 1208.18(a)(1)).

22-2026

Substantial evidence supports the denial of CAT relief.  Because Petitioners' CAT claims dispositively rely on the same testimony proffered in support of their claims for asylum and withholding, the IJ's adverse credibility finding is dispositive of their claims for CAT protection.  *See Yali Wang v. Sessions,* 861 F.3d 1003, 1009 (9th Cir. 2017).  Neither Petitioners' brief before the BIA nor their brief before this court challenged the likelihood that a public official would acquiesce to the torture they feared from gang members.  Accordingly, they have failed to exhaust and waived any challenge to the IJ's denial of CAT protection on that basis.  *See* 8 U.S.C. § 1252(d)(1); *Chadd v. United States*, 794 F.3d 1104, 1110, n.4 (9th Cir. 2015).

**PETITION DENIED.**