NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ALFREDO TORREZ-TORREZ;
S.T.O.; ERLINDA OSORIO-RAMIREZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-52

Agency Nos.
A220-196-436
A220-199-772
A220-199-773

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2025[**]
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE, District Judge.[***]

Alfredo Torrez-Torrez, Erlinda Osorio-Ramirez, and their minor daughter

(collectively, Petitioners), citizens of Nicaragua, petition for review of the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Immigration Appeal (BIA)'s dismissal of their appeal from an Immigration Judge (IJ)'s decision deeming abandoned any applications for relief or protection from removal. We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review the agency's decision to deem an application abandoned for an abuse of discretion, *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948 (9th Cir. 2021); *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013), and we review due process challenges de novo, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition.

The agency did not abuse its discretion by finding that Petitioners abandoned the opportunity to file applications for relief or protection from removal because they failed to file any applications before the deadline set by the IJ. *See* 8 C.F.R. § 1003.31(h) ("If an application or document is not filed within the time set by the immigration judge, the opportunity to file that application or document shall be deemed waived."); *Taggar*, 736 F.3d at 890 (determining that there was no abuse of discretion in finding application abandoned for failure to file it by the deadline).

Citing *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1049 (9th Cir. 2023), Petitioners argue that they were "confus[ed]" by the IJ's instructions regarding the consequences of failing to file applications by the deadline the IJ set during the hearing because they subsequently received a written notice of hearing that

included additional warnings. Petitioners did not present this argument to the BIA and therefore failed to satisfy 8 U.S.C. § 1252(d)(1)'s exhaustion requirement. Because the government has raised the exhaustion requirement, we decline to review this argument. *Santos-Zacaria v. Garland*, 598 U.S. 411, 417, 423 (2023); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (explaining that the exhaustion requirement is mandatory unless waived or forfeited).

Additionally, Petitioners assert that the IJ denied them "the opportunity to apply for relief [from] removal" and that they have suffered prejudice. To the extent that the argument is construed as asserting a "due process challenge," it lacks merit because the record reflects that Petitioners had the opportunity to apply for relief, but they simply failed to file any applications for relief. Moreover, Petitioners fail to establish that (1) "the proceeding was so fundamentally unfair" that they were "prevented from reasonably presenting [their] case," and (2) "the outcome of the proceeding may have been affected by the alleged violation." *Arizmendi-Medina*, 69 F.4th at 1048. The proceeding in this case was not "fundamentally unfair" because, unlike in *Arizmendi-Medina*, the IJ here clearly articulated the application filing deadline and the consequences of failing to meet that deadline. *See Id.*

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.