NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELVIS DEVIR ARGUELLO-PIVARAL, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-1083 <br><br> Agency No. <br> A205-321-034 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2025**

Before:    SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Elvis Devir Arguello-Pivaral, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeal's (BIA) order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, protection under the Convention Against Torture

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's decision to deem applications waived. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We review for substantial evidence the agency's factual findings and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We deny the petition for review.

The agency did not abuse its discretion in denying Arguello-Pivaral's untimely application for asylum where he failed to meet the IJ's deadline to file a brief on any exceptions to the one-year filing deadline. *See Tagger*, 736 F.3d at 889-90 (agency did not abuse its discretion in holding petitioner waived application for relief where she failed to file her application by the date set by the IJ). We do not address Arguello-Pivaral's contentions as to the merits of the one-year bar exception because the agency did not deny relief on those grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Arguello-Pivaral did not assert past persecution, and substantial evidence

supports the agency's conclusion that Arguello-Pivaral failed to show a clear probability of future persecution, as required for withholding of removal. *See, e.g., Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative" to support asylum claim).

Substantial evidence supports the agency's denial of CAT protection because Arguello-Pivaral failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if he returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

Substantial evidence also supports the agency's determination that Arguello-Pivaral has not shown exceptional and extremely unusual hardship to a qualifying relative. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)). We reject Arguello-Pivaral's contention that the agency violated due process as unsupported by the record.

The temporary stay of removal remains in place until the mandate issues. The motion to stay removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**